**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Plaintiff,

v.

KAREN ANNE OLSON, CARILLON HOTEL,
LLC, AND ANTIAGERX, LLC,

Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF**

LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty") by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief against KAREN ANNE OLSON ("Ms. Olson"), CARILLON HOTEL, LLC ("Carillon"), AND ANTIAGERX, LLC ("AntiAgeRx") and alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of all fees and costs.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged events and omissions giving rise to the claim occurred in Miami-Dade County.

## PARTIES

4.     At all times material to this action, Plaintiff Liberty was a company organized under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts.

5.     At all times material to this action, Ms. Olson was an individual residing in and domiciled in Florida, and therefore, a citizen of Florida.

6.     At all times material to this action, Carillon operated as an LLC.  Matthew Kane, James Zenni and Peter Loibner are the members and managers of the LLC. Each of them resides in and is domiciled in New York, and thus each is a citizen of New York.  Therefore, Carillon is a citizen of New York.

7.     At all times material to this action, AntiAgeRX operated as an LLC.  Elaine Kroytor and Vladimir Turovskiy are the members of the LLC.  Both reside in and are domiciled in Florida, and thus both are citizens of Florida.  Therefore, AntiAgeRX is a citizen of Florida.

## GENERAL ALLEGATIONS

8.     Liberty brings this action to obtain a declaratory judgment that it has no duty to defend or indemnify Carillon in connection with the lawsuit filed in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, under the caption: *Karen Anne Olson v. Carillon Hotel, LLC and AntiAgeRx LLC*, Case No: 2019-011844-CA-01 ("the Underlying Suit").  A true and accurate copy of the Complaint filed in the Underlying Suit is attached hereto as Exhibit "**A.**"

9.     Liberty issued a Commercial General Liability policy, number TB2-Z91-463591-078 to "Carillon Hotel, LLC" for the policy period from December 31, 2018, to

December 31, 2019 ("the Policy").  The Policy has a $3,000,000 general aggregate limit and $1,000,000 each occurrence limit.  A copy of the Policy is attached hereto as Exhibit "**B**."

10.     In the Underlying Suit, Ms. Olson filed a Complaint against Carillon and AntiAgeRx ("the Underlying Complaint") asserting the following three claims against Carillon:

- Count II – Negligence
- Count III – Vicarious Liability Based on Inherently Dangerous Activity Doctrine
- Count IV – Vicarious Liability – Agency

11.     The Underlying Complaint alleges that Carillon was the owner and operator of the spa facility and that its spa "provides several inherently dangerous treatments to the public such as cryotherapy."

12.     The Underlying Complaint alleges that Carillon advertised as follows:

Discover the benefits of Cryotherapy, Salt Float Zero Gravity Therapy, Infrared Sauna and other methods to reverse the aging process. These non-traditional spa services each can provide pain relief, detoxification, relaxation, anti-aging results and promote healing. Our non-traditional services can be a la carte or can also be booked to be paired with additional spa services to enhance results.

13.     Ms. Olson states that she was an invitee on the Carillon Property, "and more specifically, the Spa."

14.     Ms. Olson states that AntiAgeRx owed a duty to her to "conduct all spa treatments in a reasonable manner."

15.     The Underlying Complaint alleges that Ms. Olson suffered bodily injury during a cryotherapy treatment, which was administered by AntiAgeRx at the Spa at the Carillon.

## THE LIBERTY POLICY

16.     The Policy's Insuring Agreement contains the following pertinent terms:

**SECTION I — COVERAGES**
**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
   **1.  Insuring Agreement**

   **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "sue seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

17.     The Policy contains the following pertinent endorsements:

 **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**


**PROFESSIONAL LIABILITY EXCLUSION – SPAS OR**
**PERSONAL ENHANCEMENT FACILITIES (CG 22 90 04 13)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I — Coverage B — Personal And Advertising Injury Liability:**

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury', "property damage" or "personal and advertising injury" arising out of:

**1.**  The rendering of or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy; or
**2.**  Any service, treatment, advice or instruction relating to physical fitness, including service, treatment, advice or instruction in connection with diet, cardiovascular fitness, bodybuilding or physical training programs.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury' or "property damage", or the offense which caused the "personal and advertising injury', involved that which is described in Paragraph **1.** or **2.**

### SCHEDULE

**Description Of Operations:**

Any and all spa operations and services.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – SPECIFIED THERAPEUTIC OR
COSMETIC SERVICES (CG 22 45 04 13)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I — Coverage B — Personal And Advertising Injury Liability:**

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury' arising out of the rendering of or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury' or "property damage", or the offense which caused the "personal and advertising injury', involved the rendering of or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy.

**SCHEDULE**

**Description Of Operations:**

Any cosmetic, ear piercing, tonsorial, massage, physiotherapy, chiropody, hearing aid, optical or optometrical services or treatment.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.
\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – SERVICES FURNISHED BY
HEALTH CARE PROVIDERS** (**CG 22 44 04 13**)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2.**

5

**Exclusions** of **Section I — Coverage B — Personal And Advertising Injury Liability:**

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury', "property damage" or "personal and advertising injury" arising out of:

**1.** The rendering of or failure to render:

    **a.** Medical, surgical, dental, X-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

    **b.** Any health or therapeutic service, treatment, advice or instruction; or

    **c.** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

**2.** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

**3.** The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury' or "property damage", or the offense which caused the "personal and advertising injury', involved that which is described in Paragraph **1., 2.** or **3.**

## SCHEDULE

**Description Of Operations:**

Any and all health care services or related services offered by medical professionals.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

\* \* \*

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION DESIGNATED PROFESSIONAL SERVICES (**CG 21 16 04 13**)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph **2. Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I — Coverage B — Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional service.

6

**SCHEDULE**

**Description Of Professional Services:**

Any and all professional services related to health care operations

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

\* \* \*

## REQUEST FOR DECLARATORY JUDGMENT

18.     Liberty reincorporates by reference the allegations set forth in Paragraphs 1 through 17 above.

19.     This is an action for declaratory judgment regarding the coverage available under the Liberty Policy, if any, for the claims asserted in the Underlying Suit filed against Carillon.

20.     The claim was tendered to Liberty by or on behalf of Carillon seeking defense and indemnity under the Liberty Policy with respect to the claims asserted by Ms. Olson in the Underlying Suit.   Liberty is presently defending Carillon in the Underlying Suit subject to a complete reservation of rights.   Copies of Liberty's Reservation of Rights and Supplemental Reservation of Rights are attached hereto as "Exhibit **C**."

21.     Liberty has reserved the right to rely upon the terms and limitations of its Policy to conclude that it has no duty to defend or indemnify Carillon in the Underlying Suit.

22.     There is an actual and present controversy between Liberty and Carillon regarding Liberty's obligations under the Liberty Policy and Liberty is in doubt as to its rights and duties.

23.     There is a bona fide, actual, and present need for a declaration of Liberty's rights and obligations under the Liberty Policy.

24.     This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy.  The Court's declaration will serve the interest of justice.

25.     Liberty has no adequate remedy at law.

## COUNT I

## THE SPA EXCLUSION

26.     Liberty reincorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

27.     Endorsement CG 22 90 04 13 of the Policy (or the "Spa Exclusion") excludes coverage for "bodily injury" arising out of "[t]he rendering or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy."

28.     The Spa Exclusion also bars coverage for "bodily injury" arising out of "[a]ny service, treatment, advice or instruction relating to physical fitness, including service, treatment, advice or instruction in connection with diet, cardiovascular fitness, bodybuilding or physical training programs."

29.     The Spa Exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury' involved that which is described in Paragraphs 27 and 28 above.

30.    The Spa Exclusion applies to "[a]ny and all spa operations and services."

31.    The Underlying Complaint alleges that Ms. Olson was injured during a cryotherapy treatment at the Carillon Spa.

32.    Cryotherapy is a spa operation and/or service.

33.    Cryotherapy is a treatment for the purpose of appearance or skin enhancement, personal grooming or therapy and/or a service or treatment relating to physical fitness.

34.    Ms. Olson's alleged injuries arose out the rendering or failure to render a service, treatment, advice or instruction for the purpose of appearance or skin enhancement, personal grooming or therapy and/or a service or treatment relating to physical fitness.

35.    Accordingly, the Spa Exclusion relieves Liberty of any duty to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

WHEREFORE, Liberty seeks a judgment in its favor, declaring and adjudicating that the claims asserted in the Underlying Suit fall within Liberty's Spa Exclusion, and that Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

## COUNT II

### THE THERAPEUTIC OR COSMETIC SERVICES EXCLUSION

36.    Liberty reincorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

37.    Endorsement CG 22 45 04 13 (the "Therapeutic or Cosmetic Services Exclusion") excludes coverage for "bodily injury" arising out of "the rendering of or

9

failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy."

38.    The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury' involved the rendering of or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement, or personal grooming or therapy.

39.    The Therapeutic or Cosmetic Services Exclusion applies to "[a]ny cosmetic, ear piercing, tonsorial, massage, physiotherapy, chiropody, hearing aid, optical or optometrical services or treatment."

40.    The Underlying Complaint alleges that Ms. Olson was injured during a cryotherapy treatment at the Carillon Spa.

41.    Cryotherapy is a cosmetic and/or physiotherapy service or treatment.

42.    Ms. Olson's alleged bodily injury arose out of the rendering of or failure to render a service, treatment, advice or instruction for the purpose of appearance or skin enhancement or personal grooming or therapy.

43.    Therefore, the Therapeutic or Cosmetic Services Exclusion relieves Liberty of any duty to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

WHEREFORE, Liberty seeks a judgment in its favor, declaring and adjudicating that the claims asserted in the Underlying Suit fall within Liberty's Therapeutic or

Cosmetic Services Exclusion, and that Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

## COUNT III

**THE SERVICES FURNISHED BY HEALTH CARE PROVIDERS EXCLUSION**

44.     Liberty reincorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

45.     Endorsement CG 22 44 04 13 (the "Services Furnished by Health Care Providers Exclusion") excludes coverage for "bodily injury" arising out of the rendering of or failure to render "[a]ny health or therapeutic service, treatment, advice or instruction."

46.     The exclusion also bars coverage for any "bodily injury" arising out of the rendering of or failure to render "[a]ny service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming."

47.     The Services Furnished by Health Care Providers Exclusion applies to "[a]ny and all health care services or related services offered by medical professionals."

48.     The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury'" involved that which is described in Paragraph 45 and 46.

49.     The Underlying Complaint alleges that Ms. Olson was injured during a cryotherapy treatment at the Carillon.

50.     Cryotherapy is a health care service or related services offered by medical professionals.

51.     Cryotherapy is a health or therapeutic treatment or service, a service or treatment for the purpose of appearance or skin enhancement, and/or a medical treatment or service.

52.     Ms. Olson's alleged bodily injury arose out of the rendering of or failure to render a health or therapeutic treatment or service, a service or treatment for the purpose of appearance or skin enhancement, and/or a medical treatment or service.

53.     Accordingly, the Services Furnished by Health Care Providers Exclusion relieves Liberty of any duty to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

WHEREFORE, Liberty seeks a judgment in its favor, declaring and adjudicating that the claims asserted in the Underlying Suit fall within Liberty's Services Furnished by Health Care Providers Exclusion, and that Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

## COUNT IV

## THE PROFESSIONAL SERVICES EXCLUSION

54.     Liberty reincorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

55.     Endorsement CG 21 16 04 13 (the "Professional Services Exclusion") excludes coverage for "bodily injury" due to the rendering of or failure to render any professional service.

56.     The exclusion applies to "[a]ny and all professional services related to health care operations."

57.     The Professional Services Exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" involved the rendering of or failure to render any professional service.

58.     The Underlying Complaint alleges that Ms. Olson was injured during a cryotherapy treatment at the Carillon Spa.

59.     Cryotherapy is a professional service related to health care operations.

60.     Ms. Olson's alleged bodily injury is due to the rendering of or failure to render a professional service related to health care operations.

61.     Accordingly, the Professional Services Exclusion relieves Liberty of any duty to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

WHEREFORE, Liberty seeks a judgment in its favor, declaring and adjudicating that the claims asserted in the Underlying Suit fall within Liberty's Professional Services Exclusion, and that Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit.

## **RELIEF SOUGHT**

For the reasons set forth above, Liberty seeks the following declarations:

1.     That Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit because the claims fall within the Liberty Policy's Spa Exclusion;

2.     Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit because the claims fall within the Liberty Policy's Therapeutic or Cosmetic Services Exclusion;

3.     Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit because the claims fall within the Liberty Policy's Services Furnished by Health Care Providers Exclusion;

4.     Liberty is not obligated to defend or indemnify Carillon with respect to the claims asserted in the Underlying Suit because the claims fall within the Liberty Policy's Professional Services Exclusion;

5.     Liberty is entitled to reimbursement of defense costs paid in the Underlying Suit; and

6.     Any further relief this Court deems just and proper.

Dated this 1st day of November, 2019.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.:  0044033
kramey@butler.legal
JESSICA R. STILLWELL, ESQ.
Florida Bar No.:  119613
jstillwell@butler.legal

14

Secondary:  kmiller@butler.legal
                 vturner@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:     (813) 281-0900
*Attorneys for Plaintiff, Liberty Mutual Fire Insurance Co.*

15